IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROBERT ACORD,            CASE NO. 2:12-CV-355

    Petitioner,            JUDGE JAMES L. GRAHAM

    v.            MAGISTRATE JUDGE ELIZABETH P. DEAVERS

WARDEN, LEBANON
    CORRECTIONAL INSTITUTION,

    Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court on the instant petition, Respondent's *Return of Writ,* Petitioner's *Reply,* and the exhibits of the parties.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

## FACTS and PROCEDURAL HISTORY

The Ohio Twelfth District Court of Appeals summarized the facts and procedural history of this case as follows:

> In August 2008, Fayette County social services agencies were advised that Acord was sexually abusing his two nieces, ages eight and 11. The children described a history of extensive sexual abuse by Acord, including digital penetration, vaginal and anal intercourse, forced fellatio, and exposure to child pornography. Acord often forced the older sister to videotape and take pictures of his sexual acts with the eight-year-old, and would then download the media onto his personal computer.
> Soon after the sisters reported the abuse, police officers from Washington Court House, Ohio sought and obtained a warrant to search Acord's home. Officers arrived at approximately 12:40 in the afternoon of August 20th to execute the warrant, and approached the west side and front of Acord's home. Sergeant Russell Lowe positioned himself at the front door, knocked loudly, and announced his presence to execute the warrant. Detective

Chancey Scott took position at a window on the other side of the house. Although it had an intact screen, the window was open so that through it, Scott could see a bed, television set, and a desk with a computer on it.

Though Lowe continued to announce their presence as law enforcement officers, Acord did not open the door. Scott went around the side of the house and informed Lowe that they could gain entrance through the window, and he and Officer M.J. Boone went back around the house to do so. After Scott and Boone went back to the window and repeatedly announced their presence, Scott began to remove the screen from the window. Before Scott could remove the entire screen, a male voice from inside the bedroom, later identified as Acord, asked, "what [was] going on." Officers told Acord to show his hands and get on the ground. Acord refused, and instead, began to exit the room, at which time Scott entered through the window and restrained Acord on the bed. When Lowe heard the scuffle, he kicked down the front door, joined the officers in the bedroom, and helped detain Acord.

Once Acord was subdued, officers gave him a copy of the warrant and then executed it. During the search, the police seized multiple items, including computers, digital cameras, Polaroid cameras, and various CDs, videos, and DVDs. These items contained hundreds of pornographic images and evidence that corroborated the sisters' story. Based on the evidence seized from the first search, police sought and obtained a second warrant to search for other evidence specific to the rape allegations, including the bedding from Acord's bed, sexual toys, and clothing the sisters were seen wearing in the seized photographs and videos. The judge also approved a subsequent warrant, thereby permitting officers to take DNA samples from Acord to compare to the evidence seized during the second search.

Acord was indicted on 72 counts of illegal use of a minor in sexually-oriented material or performance, 98 counts of pandering sexually-oriented matter involving a minor, and eight counts of rape. Acord then filed two motions to suppress the evidence seized during the searches, claiming that the supporting affidavits were defective, so that the warrants lacked probable cause, and also that the officers failed to execute the proper knock and announce protocol. The trial court overruled Acord's motions. Soon thereafter, Acord pled no contest to 51 counts of illegal use of a minor in nudity-oriented material or performance, 78 counts of pandering sexually-oriented matter involving a minor, and eight counts of rape.

> The trial court sentenced Acord to five consecutive life sentences for five counts of rape, and three concurrent life sentences on the other three rape counts. For each of the 115 second-degree felony counts, the trial court sentenced Acord to eight years on each count and added an additional 14 years for the fifth-degree felonies committed. Acord now appeals his convictions, raising two assignments of error.
>
> Assignment of Error No. 1:
>
> "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN REFUSING TO SUPPRESS EVIDENCE WHEREIN THE WARRANT TO SEARCH WAS ISSUED WITHOUT PROBABLE CAUSE TO BELIEVE THAT THE EVIDENCE SOUGHT WAS IN APPELLANT'S RESIDENCE AND WHERE PROPERTY SEIZED WAS NOT THAT DESCRIBED IN THE AFFIDAVIT FOR THE SEARCH WARRANT."

*State v. Accord,* No. CA2009-01-001, 2009 WL 2581415, at *1-2 (Ct. App. 12 Dist. Aug. 24, 2009). On August 24, 2009, the appellate court affirmed the judgment of the trial court. *Id*. On December 30, 2009, the Ohio Supreme Court dismissed Petitioner's subsequent appeal. *State v. Accord*, 124 Ohio St.3d 1417 (2009).

On January 21, 2009, Petitioner filed an application to reopen the appeal pursuant to Ohio Appellate Rule 26(B). *Exhibit 14 to Return of Writ*. On August 18, 2010, the appellate court denied Petitioner's Rule 26(B) application. *Exhibit 15 to Return of Writ.* Petitioner did not file an appeal to the Ohio Supreme Court.

Petitioner also pursued post conviction relief. On July 2010, he filed a motion to dismiss on speedy trial grounds and a motion to withdraw his plea as coerced. *Exhibits 17, 20 to Return of Writ.* On June 10, 2011, the trial court denied Petitioner's motions. *Exhibit 22 to Return of Writ.* Petitioner did not file an appeal.

Petitioner additionally filed a petition for habeas corpus in the Ohio Supreme Court, asserting he was denied a fair trial due to prosecutorial and judicial misconduct, ineffective

assistance of counsel, because the trial court failed to advise him of his rights at his initial appearance, his sentence was void, he was denied his right to a speedy trial, and denied due process.  *Exhibit 23 to Return of Writ.*  On February 22, 2012, the Ohio Supreme Court dismissed Petitioner's habeas corpus petition.  *Exhibit 24 to Return of Writ*.

On May 8, 2012, Petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  As his sole claim for federal habeas corpus relief, Petitioner asserts as follows:

> The State's failure to support the United States Constitution, which they are bound to do so by Oath or Affirmation, violated Petitioner's most basic & fundamental rights under Due Process guaranteed by the United States Constitution, Supreme Court precedence, & Rules of Procedure.

It is the position of the Respondent that this claim fails to provide a basis for relief and that the sole claim Petitioner has preserved for review, in any event, is not cognizable in these proceedings.

**MERITS**

As his sole claim for federal habeas corpus relief, Petitioner generally asserts that he was deprived of a constitutionally fair trial.  In support of this claim, Petitioner has provided nine pages of a hand-written memorandum in which he complains about every aspect of the charges against him, including his arrest, and from the time of his initial arrest and treatment in jail, to his sentence.  This Court, however, cannot determine from the face of the petition the precise grounds on which Petitioner now seeks relief.  In other words, Petitioner's habeas corpus petition fails to include specific grounds for relief with facts in support of each of these specific claims in an understandable manner as is required under Rule 2(c) of the Rules Governing

Section 2254 Cases in the United States District Courts.[1]  As a result, this Court is unable to ascertain the exact nature of Petitioner's claim(s).  Petitioner's *Reply* to the *Return of Writ* does not assist the Court, as Petitioner argues therein that his sentence is void and that he properly has exhausted his claim(s) due to an inadequate or lack of available remedy in the state courts.  *See Reply*, Doc. No. 11.  While this Court liberally construes the pleadings of *pro se* prisoners, *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985), the Court is not required to conjure allegations on Petitioner's behalf.  *Erwin v. Edwards*, 22 Fed. Appx. 579, 580, unpublished, 2001 WL 1556573 (6th Cir. 2001).

Further, as noted by Respondent, the sole claim Petitioner appears to have preserved for review is a claim that he was denied a fair trial because the trial court improperly denied his motion to suppress evidence obtained in violation of the Fourth Amendment.  This claim, however, does not provide Petitioner relief.  Where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted habeas corpus relief on the ground that evidence obtained through an unconstitutional search and seizure was introduced into evidence at his trial. *Stone v. Powell,* 428 U.S. 465, 474–95 (1976).  Such were the circumstances here.

Any other claims Petitioner intends to raise, appear to be procedurally defaulted.  *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir 1986).

---

[1] Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts provides:
> Form. The petition must:
> (1) specify all the grounds for relief available to the petitioner;
> (2) state the facts supporting each ground;
> (3) state the relief requested;
> (4) be printed, typewritten, or legibly handwritten; and
> (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

**WHEREUPON**, the Magistrate Judge **RECOMMENDS t**hat this action be **DISMISSED.**

### PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties specifically are advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                                               */s Elizabeth A. Preston Deavers*
                                                               **Elizabeth A. Preston Deavers**
                                                               **United States Magistrate Judge**

**Date: January 22, 2013**