IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROBERT ACORD,**

    **Petitioner,**

v.

**WARDEN, ROSS CORRECTIONAL INSTITUTION,**

    **Respondent.**

**CASE NO. 2:12-CV-355**
**JUDGE JAMES L. GRAHAM**
**Magistrate Judge Elizabeth A. Preston Deavers**

## OPINION AND ORDER

On January 22, 2013, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, Petitioner's *Objections*, Doc. No. 17, are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

As his sole ground for federal habeas corpus relief, Petitioner asserts generally that his convictions violate due process. The Magistrate Judge therefore recommended dismissal of this habeas corpus petition because Petitioner failed to identify, and the Court was unable to discern, the basis for his claims for relief. *See* Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. To the extent Petitioner asserts he was convicted in violation of the Fourth Amendment, the Magistrate Judge recommended dismissal of this claim as not cognizable in these proceedings. *Stone v. Powell*, 428 U.S. 465, 474-75 (1976).

1

Petitioner does not raise any objection to the Magistrate Judge's recommendation of dismissal of his Fourth Amendment claim. Instead, he now has submitted specific grounds for relief as follows:

1. The entire proceedings were so tainted by judicial and prosecutorial misconduct that the total effect was to deny the Petitioner a fair trial.

2. The judge and the prosecutor both had a constitutional duty to prevent this injustice and is [sic] still ignoring law and precedent by refusing to acknowledge Petitioner's claims.

3. Petitioner was denied assistance of counsel and thus denied court of jurisdiction.

4. Judgment of conviction and sentence are void for failure to comply with statutory requirements and thus divested court of jurisdiction.

5. Petitioner was denied his rights to fast and speedy trial and trial by a jury.

6. Petitioner, having been denied due process, became victim of corruption of blood which is forbidden by Constitution.

7. Ohio Revised Code § 2907.02(A)(1)(b) is unconstitutional on its face and as applied to Petitioner.

8. Due process denied at sentencing when based on unreliable and inaccurate information. (*Please see Ground* #11).

9. Petitioner is a victim of double jeopardy when court sentenced him to allied offenses of similar import.

2

10. Petitioner was denied due process when he was denied his right to view Pre-Sentence Report and sentence being procedurally and substantively unreasonable.

11. Judge was biased based on his actions, that include but are not limited to: refusal to consider reasons for ineffective assistance of counsel and personal and prejudicial comments at sentencing.

Respondent correctly notes that all of Petitioner's claims are waived.

## PROCEDURAL DEFAULT

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required to present those claims to the highest court of the state for consideration. 28 U.S.C. § 2254(b), (c). If the petitioner fails to do so, but the state still provides a remedy to pursue, his or her petition is subject to dismissal for failure to exhaust state remedies. *Id.*; *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Deitz v. Money*, 391 F.3d 804, 808 (6th Cir. 2004). If, because of a procedural default, the petitioner can no longer present the relevant claims to a state court, the petitioner also waives the claims for purposes of federal habeas review unless he or she can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman*, 501 U.S. at 724; *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

In the Sixth Circuit, a court must undertake a four-part analysis to determine whether procedural default is a bar to a habeas petitioner's claims. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *see also Scuba v. Brigano*, 259 F. App'x. 713, 718 (6th Cir. 2007) (following the

3

four-part analysis of *Maupin*). Specifically, the United States Court of Appeals for the Sixth Circuit requires the district courts to engage in the following inquiry:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.... Second, the court must decide whether the state courts actually enforced the state procedural sanction.... Third, the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim.

*Maupin*, 785 F.2d at 138 (internal quotations omitted). Finally, if "the court determines that a state procedural rule was not complied with and that the rule [has] an adequate and independent state ground, then the petitioner" may still obtain review of his claims on the merits if he establishes: (1) a substantial reason to excuse the default and (2) that he was actually prejudiced by the alleged constitutional error. *Id.* 'Cause' under this test "must be something external to the petitioner, something that cannot fairly be attributed to him[;] ... some factor external to the defense [that] impeded [ ] efforts to comply with the State's procedural rule." *Coleman*, 501 U.S. at 753. This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level or failure to appeal at all. *Id* at 750.

Nevertheless, " '[i]n appropriate cases' the principles of comity and finality that inform the concepts of cause and prejudice 'must yield to the imperative of correcting a fundamentally unjust incarceration.' " *Murray*, 477 U.S. at 495 (quoting *Engle v. Isaac*, 456 U.S. 107, 135 (1982)). Petitioners who fail to show cause and prejudice for procedural default may nonetheless receive a review of their claims if they can demonstrate that a court's refusal to consider a claim would result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750; *see also Lott v. Coyle*, 261 F.3d 594, 601–02 (6th Cir. 2001) (same). The fundamental miscarriage of justice

4

exception requires a showing that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo,* 513 U.S. 298, 329 (1995).

Here, the sole claim that Petitioner has properly preserved for federal habeas corpus review is his assertion that he was convicted in violation of the Fourth Amendment because the state trial court improperly denied his motion to suppress evidence. As discussed in the Magistrate Judge's *Report and Recommendation*, however, that claim fails to provide a basis for federal habeas corpus relief. Again, Petitioner has not objected to these findings.

The remainder of Petitioner's claims (assuming, *arguendo*, they are not time-barred),[1] set forth for the first time in his March 4, 2013, *Objections*, are waived due to Petitioner's failure to raise these claims either on direct appeal or in post-conviction proceedings. Petitioner raised a single argument on direct appeal, namely, that he was convicted in violation of the Fourth Amendment. *See State v. Acord,* No. CA2009-01-001, 2009 WL 2581415 (Ohio App. 12 Dist. Aug. 24, 2009). All of his on-the-record claims that he now lodges for the first time, however, would have been properly raised on direct appeal. Petitioner failed to assert these claims on direct appeal. Further, Petitioner may no longer present such claims to the state courts under Ohio's doctrine of *res judicata. See State v. Cole,* 2 Ohio St.3d 112 (1982); *State v. Ishmail,* 67 Ohio St.2d 16 (1981); *State v. Perry,* 10 Ohio St.2d 175 (1967). Put another way, the state courts were never given an opportunity to enforce the procedural rule at issue because of the nature of Petitioner's procedural default.

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d).

5

The Court finds that Ohio's *res judicata* rule is adequate and independent under the third part of the *Maupin* test. To be "independent," the procedural rule at issue, as well as the state court's reliance thereon, must rely in no part on federal law. *See Coleman,* 501 U.S. at 732–33. To be "adequate," the state procedural rule must be firmly established and regularly followed by the state courts. *Ford v. Georgia*, 498 U.S. 411 (1991). "[O]nly a 'firmly established and regularly followed state practice' may be interposed by a State to prevent subsequent review by this Court of a federal constitutional claim." *Id.* at 423 (quoting *James v. Kentucky,* 466 U.S. 341, 348–351 (1984)); *see also Barr v. City of Columbia,* 378 U.S. 146, 149 (1964); *NAACP v. Alabama ex rel. Flowers*, 377 U.S. 288, 297 (1964); *see also Jamison v. Collins,* 100 F.Supp.2d 521, 561 (S.D. Ohio 1998).

The Sixth Circuit has consistently held that Ohio's doctrine of *res judicata, i.e.,* the *Perry* rule, is an adequate ground for denying federal habeas relief. *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *Coleman v. Mitchell,* 268 F.3d 417, 427–29 (6th Cir. 2001); *Seymour v. Walker*, 224 F.3d 542, 555 (6th Cir. 2000); *Byrd v. Collins*, 209 F.3d 486, 521–22 (6th Cir. 2000); *Norris v. Schotten,* 146 F.3d 314, 332 (6th Cir. 1998). Relying on the doctrine of *res judicata,* Ohio courts have consistently refused to review the merits of claims because they are procedurally barred. *See State v. Cole,* 2 Ohio St.3d at 112; *State v. Ishmail,* 67 Ohio St.2d at 16. Additionally, the doctrine of *res judicata* serves the state's interest in finality and in ensuring that claims are adjudicated at the earliest possible opportunity. With respect to the independence prong, the Court concludes that *res judicata* does not rely on or otherwise implicate federal law. Accordingly, this Court is satisfied from its own review of relevant case law that the *Perry* rule is an adequate and independent ground for denying relief.

As to any of the off-the-record claims Petitioner now presents for relief, these claims are waived either due to Petitioner's failure to raise the claims in post conviction proceedings, or his failure to timely appeal the trial court's June 10, 2011, dismissal of his petition for post conviction relief.[2] Ohio does not permit delayed appeals in post conviction proceedings. Moreover, Petitioner may now no longer present any off-the-record claims to the state courts, as any such filing would constitute a successive and untimely petition for post conviction relief which, under Ohio law, may be considered only under narrowly circumscribed requirements. O.R.C. § 2953.23 provides in relevant part:

> (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
>
> (1) Both of the following apply:
>
>> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
>>
>> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the

---

[2] Petitioner asserted in post conviction proceedings that he was denied his right to a speedy trial and that his guilty plea was coerced. *See Exhibits 17, 20 to Return of Writ.*

7

> petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
>
> (2) The petitioner was convicted of a felony, the petitioner is an offender for whom DNA testing was performed under sections 2953.71 to 2953.81 of the Revised Code or under former section 2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the inmate's case as described in division (D) of section 2953.74 of the Revised Code, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death.
>
> As used in this division, "actual innocence" has the same meaning as in division (A)(1)(b) of section 2953.21 of the Revised Code, and "former section 2953.82 of the Revised Code" has the same meaning as in division (A)(1)(c) of section 2953.21 of the Revised Code.

The record fails to show that Petitioner can meet these requirements.

Petitioner raised some of the claims he presently asserts here for review by the Ohio Supreme Court in a state habeas corpus petition. In his state habeas corpus petition, Petitioner maintained that he was denied a fair trial due to prosecutorial and judicial misconduct; denied effective assistance of counsel; denied due process; that his sentence is void; and that the trial court improperly failed to advise him of his rights. *See Exhibit 23 to Return of Writ.* He did not, however, preserve such claims for federal review by filing a state habeas corpus action. Under Ohio law, a state habeas corpus petition is considered to be an extraordinary remedy and may not be used as a substitute for an appeal for the purpose of reviewing "mere errors, or irregularities in the proceedings of a court having proper jurisdiction, or as a means for testing the

8

constitutionality of a statute in favor of one who has been convicted[.]" *State ex rel. Woodbury v. Spitler*, 34 Ohio St.2d 134, 137 (1973). The writ will only be issued in certain extraordinary circumstances of unlawful restraints of liberty where there is no adequate remedy at law. *State ex rel. Pirman v. Money*, 69 Ohio St. 3d 591, 593 (1994). Ordinarily, habeas corpus is permitted only to challenge the jurisdiction of the sentencing court because the proper remedy is by way of review on appeal. *Wireman v. Ohio Adult Parole Auth.*, 38 Ohio St. 3d 322 (1988) (citing *In re Burson*, 152 Ohio St. 374, 375-76 Syllabus Para 4. (1949)). Habeas petitions may not be used as a substitute for direct appeal. *Adams v. Humphreys*, 27 Ohio St.3d 42 (1986). Where a petitioner had adequate legal remedies of appeal and post-conviction to challenge his conviction, a state habeas corpus petition is properly denied. *State ex rel. Massie v. Rogers*, 77 Ohio St. 3d 449, 450 (1997). Petitioner's attempts then to raise any and all claims before the Ohio Supreme Court in his state habeas action were procedurally deficient and do not constitute exhaustion of his claims.

Petitioner may still obtain review of his claims on the merits if he establishes cause for his procedural defaults, as well as actual prejudice from the alleged constitutional violations. Petitioner has not argued, and the Court finds no independent basis to conclude, that Petitioner has established cause and prejudice to relieve him of his procedural defaults.

Beyond the four-part *Maupin* analysis, this Court is required to consider whether this is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. at 491; *see also Sawyer v. Whitley*, 505 U.S. 333 (1992). After review of the record, the Court does not deem this to be such a case.

9

Petitioner's *Objections*, Doc. No. 17, are **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

**IT IS SO ORDERED.**

Date: March 28, 2013

_____
JAMES L. GRAHAM
United States District Judge